IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAMON PEREZ-MEJIAS,

   Petitioner

   vs.

UNITED STATES OF AMERICA,

   Respondent

CIVIL NO. 12-1462 (PG)
(CRIM. NO. 05-215 (PG))

## OPINION AND ORDER

### INTRODUCTION

This is an action brought under 28 U.S.C. § 2255(a) to vacate, set aside or correct a sentence imposed by this court. However, Congress has established strict limitations and requirements in order for a federal convict to file a motion under section 2255 seeking a post-conviction remedy.

Title 28 U.S.C. § 2255(f) reads as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

CIVIL 12-1462 (PG)                                       2
(CRIMINAL 05-215 (PG))

      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's motion was filed well beyond the limitations period established by 28 U.S.C. § 2255 (f)(1).  In his motion, petitioner relies on a newly recognized right announced by the United States Supreme Court under 28 U.S.C. § 2255 (f)(3).  The date of that announcement is March 21, 2012.  However, as explained below, such a newly recognized right does not exist, which means that the failure to file this motion within the one year limit is fatal to petitioner's collateral attack.

## A.  PROCEDURAL BACKGROUND

Petitioner Ramon Perez-Mejias was sentenced on August 30, 2006 to concurrent terms of imprisonment of 135 months in Counts One and Two of a three-count indictment.  Count One charged him with participating in a conspiracy to import five kilograms or more of cocaine into the United States from the Dominican Republic.  Count Two charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine.  The charging statutes were Title 21 United States Code Sections 841(a)(1), 846,

CIVIL 12-1462 (PG)                                          3
(CRIMINAL 05-215 (PG))

952(a), and 963.  Petitioner appealed the judgment of conviction.  Such conviction was affirmed on September 17, 2008.  <u>United States v. Perez-Mejias</u>, 292 Fed. Appx. 69, 2008 WL 4225995 (1st Cir. 2008).  The judgment became final ninety days later, on December 16, 2008, when the time to petition for a writ of certiorari expired.  <u>See Clay v. United States</u>, 537 U.S. 522, 525, 123 S. Ct. 1072 (2003); <u>Derman v. United States</u>, 298 F.3d 34, 40-42 (1st Cir. 2002); <u>Mercado-Irizarry v. United States</u>, 2013 WL 1427625 (D.P.R. April 8, 2013) at *2.  Therefore, the one year limitations period ended on December 16, 2009.  Because the present motion was filed well beyond the limitations provisions of the Antiterrorism and Effective Death Penalty Act, the petition is untimely and therefore invites dismissal.  28 U.S.C. § 2255(f).

## B. MOTION UNDER 28 U.S.C. § 2255

This matter is before the court on motion to vacate, set aside or correct sentence filed by petitioner on June 12, 2012.  (Docket No. 1).  Petitioner argues that the government breached an oral agreement, a contractual obligation he had reached with it for a much lower sentence, and that his attorney and the prosecution promised him a 60-month reduction of sentence, based upon his critical cooperation with the authorities in an ongoing investigation.  Petitioner also argues that his attorney's conduct fell below the standard of effective assistance related to plea bargaining and his ultimate

CIVIL 12-1462 (PG)                                    4
(CRIMINAL 05-215 (PG))

sentence under two recent Supreme Court decisions, Lafler v. Cooper, 566 U.S.___, 132 S.Ct. 1376, 182 L. Ed. 398  (2012) and Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 379 (2012).  (Docket No. 1-1 at 17).

    In Missouri v. Frye, the Supreme Court held that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.   If such a formal offer was not communicated to a defendant, and the offer thus lapsed, then "...defense counsel did not render the effective assistance that the Constitution requires." Missouri v. Frye, 132 S.Ct. at 1408; see Lafler v. Cooper, 132 S.Ct. at 1390-91.  "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel.  Missouri v. Frye, 132 S.Ct. at 1409.   The defendants must also demonstrate " . . a reasonable probability that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . ." Id.

    Petitioner relies on the holdings of Lafler and Frye arguing that a right has been newly recognized by the Supreme Court and that these cases have triggered a new limitations period under 28 U.S.C. § 2255(f)(3).  As remedy,

CIVIL 12-1462 (PG)                              5
(CRIMINAL 05-215 (PG))

he seeks that the court reduce his sentence by sixty months per the oral contract he entered into with the government. (Docket No. 1-1 at 23).

The United States filed a response in opposition to the motion to vacate on July 20, 2012. (Docket No. 3).  The United States notes that petitioner's reliance on <u>Lafler</u> and <u>Frye</u> fails because these cases do not establish a newly recognized right to effective assistance of counsel during the plea bargaining process.  Indeed, it argues, citing post-<u>Lafler</u> and <u>Frye</u> case law, that both cases merely applied well-established principles announced in <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052  (1984).  Nor is either case applied retroactively, particularly since neither contains express language to that effect.  The government directs the bulk of its argument to the lack of portent of the <u>Lafler</u> and <u>Frye</u> decisions, and to the defense of limitations, although it also makes reference to the record to show that the petitioner's statements are contradicted by his own statements made under oath during the change of plea colloquy, particularly in relation to the existence of any agreements other than those stated in the plea agreement.

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the
> Constitution or laws of the United States, or that the
> court was without jurisdiction to impose such sentence,
> or that the sentence was in excess of the maximum

CIVIL 12-1462 (PG)                                6
(CRIMINAL 05-215 (PG))

       authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3, 82 S.Ct. 468 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The burden is on the petitioner to show his entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)). Because the court is ultimately presented with legal argument which do not invite the presentation of evidence related to disputed facts, and petitioner seeks that his sentence be reduced by sixty months as his sole remedy, there is no right to an evidentiary hearing. This is particularly true since today's decision gives more than lip service to the strong message of the Antiterrorism and Effective Death Penalty Act's limitations directives.

### C. NEWLY RECOGNIZED RIGHT

Petitioner's substantive argument relies on a "newly recognized right" as arguably provided by Lafler v. Cooper and Frye v. Missouri, *supra*, which were decided three months before his filing this collateral attack. A review of recent circuit case law reflects that the majority of the circuit courts of appeals, the eight that have considered the matter, have found that neither Supreme Court decision announced such a "newly recognized right". In re Liddell, 722

CIVIL 12-1462 (PG)                           7
(CRIMINAL 05-215 (PG))

F.3d 737, 738-39 (6th Cir. 2013); In Re Graham, 714 F.3d 1181, 1182-83 (10th Cir. 2013) Gallagher v. United States, 711 F.3d 315, 316 (2d Cir. 2013); Williams v. United States, 705 F.3d 293, 294 (8th Cir. 2013); In re King, 697 F.3d 1189 (5th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012) Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012). Petitioner relies generally on the principles of Strickland as extended by Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473 (2010) in the plea bargaining process.  Clearly, Frye and Lafler are refinements of Strickland v. Washington and Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366 (1985), both of which defeat the "newly recognized right" argument. (Docket No. 1-1 at 8-9).  Indeed, between the dates of Frye and Lafler, and the filing of the present petition, only the Eleventh Circuit had considered the issue of "newly recognized right" and found that neither decision announced such a right.  In re Perez, 682 F.3d at 932.  And even assuming Frye and Cooper announced "a new rule of constitutional law", neither case contains any express language as to retroactivity.  Gallagher v. United States, 711 F.3d at 316; see Dodd v. United States, 545 U.S. 353, 359-360, 125 S.Ct. 2478 (2005); cf. Teague v. Lane, 489 U.S. 288, 300-310, 109 S.Ct. 1060 (1989).   Conclusively, the statute of limitation has run.

CIVIL 12-1462 (PG)                                           8
(CRIMINAL 05-215 (PG))

### D. CONCLUSION

There are two reasons why the petition must be dismissed: 1) no newly discovered right that has been recognized by the Supreme Court has been presented to this court, and 2) the motion to vacate sentence is time-barred.

Based upon the above reasoning, no certificate of appealability should be issued in the event that Petitioner files a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029 (2003).

In view of the above, the motion to vacate, set aside or correct sentence is denied, and this action is dismissed. The Clerk is directed to enter judgment accordingly.

At San Juan, Puerto Rico, this 30th day of October, 2013.

                                S/JUAN M. PEREZ-GIMENEZ
                                United States District Judge